# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS ESTRADA-CONTRERAS,<br>MAURICIO ESTRADA-MUNOZ, and<br>MIGUEL ORTEGA-ESTRADA<br><br>Defendants. | Case No. CR17-301RSL<br><br>ORDER GRANTING<br>MOTION TO QUASH<br>SUBPOENAS |

This matter comes before the Court on the "Government's Motion to Quash Subpoenas." Dkt. # 57. The parties' dispute surrounds subpoenas that defendant Jesus Estrada-Contreras issued seeking documents from Homeland Security Investigations (HSI). The government appears willing to produce the materials if the parties meet and confer, and the Court encourages them to do so. For the following reasons, however, the motion, Dkt. # 57, is GRANTED.

In this matter's underlying case, defendants were charged with conducting a drug conspiracy after a raid yielded an abundance of contraband and led to defendants' arrests. Investigators conducted defendants' post-arrest interviews, and the *Miranda* warnings that preceded them, in Spanish. This dispute stems from an effort by Mr. Estrada-Contreras to obtain materials about those investigators' Spanish language skills and HSI protocols for agents using Spanish in the field. Defendant issued subpoenas to HSI and two of its agents, commanding them to appear or provide the materials instead.

ORDER GRANTING MOTION TO QUASH SUBPOENAS - 1

Rule 17 governs subpoenas in criminal cases, including subpoenas *duces tecum* for pretrial production of evidence. The Rule empowers the Court to order the production of "any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). Though Rule 17 is an instrument for gathering evidence, it is not "intended to provide a means of discovery." United States v. Nixon, 418 U.S. 683, 698 (1974). To ensure the scope of a Rule 17 subpoena is properly circumscribed, the party seeking pretrial production bears the burden of establishing relevancy, admissibility, and specificity of the material sought. Id. at 700. In making that showing, each element must be shown with particularity and conclusory allegations are insufficient. United States v. Eden, 659 F.2d 1376, 1381 (9th Cir. 1981).

The government argues that Mr. Estrada-Contreras seeking evidence through a Rule 17 subpoena circumvents and undermines the discovery process provided for in Rule 16, the provision in the Criminal Rules that governs discovery and mandatory disclosures between the parties. The Court rejects that argument and the government's suggestions that Rule 17 extends no further than Rule 16's scope and that a defendant must seek information from the government before invoking Rule 17. The two rules are complementary and overlapping, but still have different scopes. Rule 16 applies only to material in the government's possession, it covers discovery information that need not be admissible, and it only governs disclosures between the government and the defendant. In contrast, Rule 17 covers subpoenas that seek evidence and that apply to the government and third parties alike. Its scope is bounded by the requirements of relevancy, admissibility, and specificity, Nixon, 418 U.S. at 700, not by the terms of Rule 16, see United States v. Llanez-Garcia, 735 F.3d 483, 493–94 (6th Cir. 2013).

Though the Court rejects the government's argument about Rule 17's scope, defendant must still show that the requested material is relevant, admissible, and specific. Id.; Eden, 659 F.2d at 1381. The Court concludes defendant has not met his burden of showing with particularity that the requested material is relevant and contains admissible evidence. See Nixon, 418 U.S. at 700; Eden, 659 F.2d at 1381. The Court grants the government's motion without prejudice to defendant showing the material's relevancy, admissibility, and specificity with

ORDER GRANTING MOTION TO QUASH SUBPOENAS - 2

greater particularity in a subsequent subpoena application,[1] including an application submitted *ex parte* if necessary. See United States v. Sellers, 275 F.R.D. 620, 624–25 (D. Nev. 2011).

The Court notes that Rule 16 may require the government to disclose the material described in this matter's briefing upon defendant's request. See Fed. R. Crim. P. 16(a)(1)(E)(i) (requiring that, upon request, the government produce items within its possession that are material to preparing the defense). The government appears willing to confer and meet defendant's needs, and the Court assumes the government will maintain that approach going forward. The Court encourages the parties to meet and confer to facilitate an exchange of appropriate material and information. See LCrR 16(e) (requiring parties to confer with a view toward cooperating before moving the Court for additional Rule 16 discovery).

For the foregoing reasons, the government's motion, Dkt. # 57, is GRANTED. The Court hereby ORDERS that the subpoenas issued to Homeland Security Investigations and Special Agent Michelle Hardin-Pineda are QUASHED.

DATED this 10th day of May, 2018.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[1] Given this conclusion, the Court declines to address the government's assertion that defendant failed to comply with applicable *Touhy* regulations. See Dkt. # 57 at 10–12.

ORDER GRANTING MOTION TO QUASH SUBPOENAS - 3